THIBODEAUX, Chief Judge,
dissenting.
|,The plaintiff clearly rebutted that intoxication caused the accident. Dr. Heinen testified that the amount of marijuana found in Mr. Romero’s system would suggest smoking approximately one week before the accident. Further, the workers’ compensation judge commented that she found it difficult to believe or accept that the plaintiff could still be intoxicated a week after smoking marijuana. While she did say that the plaintiffs “poor judgment” was caused by intoxication, the record does not show that. We must give deference, of course, to the findings of the trial judge. But, the trial judge’s findings must have a reasonable basis. Those findings are not immutable. It is a stretch to say that smoking marijuana one week prior to the accident was the underlying causative factor for plaintiffs poor judgment without any corroborative evidence whatsoever. While the plaintiff may have exercised poor judgment, this judgment was simply the type of judgment that would be manifested by persons who had not even smoked marijuana.
Even assuming a credibility call, the presumption of intoxication was rebutted. If the objective evidence preponderates in favor of a permissible view, the court of appeal may indeed find manifest error in a finding purportedly based upon a credibility call. The law is so clear that this assertion needs no citation. In my view, the objective evidence, that is, the small amount of marijuana found in |2Romero’s system and the remoteness of the usage, clearly preponderates in his favor.
The trial judge, in my view, applied the wrong standard. The trial judge stated:
I do believe in my reasons for ruling that I indicated that an analysis I had done of the intoxication defenses up to a few years ago indicated to me that those cases where lay testimony was allowed to rebut the presumption involved cases where the presumption came into effect because a test was not done. There was no evidence by a test that the employee was intoxicated. The presumption came into effect because the employee refused the test....
That is an incorrect statement of the law. Lay testimony can rebut even when there is a test. For example, Simpson v. Jeanerette Sugar Co., 95-412 (La.App. 3 Cir. 11/2/95), 667 So.2d 1087, writ denied, 96-773 (La.5/3/96), 672 So.2d 688, involved a positive test for cocaine. Although the cocaine test may have been suspect, the employer was still given the benefit of the presumption. The presumption was rebutted, in part by lay testimony and the employee’s testimony. See also Bernard v. Cox Commc’ns, Inc., 01-1321 (La.App. 5 Cir. 3/26/02), 815 So.2d 259, writ denied, 02-1157 (La.6/14/02), 818 So.2d 782, which involved 69 nanograms per milliliter of marijuana. There, lay testimony also rebutted the presumption. Similarly, Forrester v. New Orleans Iron Works, 03-1194 (La.App. 5 Cir. 2/23/04), 869 So.2d 216, involved a positive test for intoxication which was rebutted by- lay testimony. Forrester also indicated that a claimant’s uncontradicted testimony may be sufficient if nothing casts doubt on that testimony. Thus, it seems, the workers’ compensation judge did not give much weight to the plaintiffs testimony because a test was done and, according to the workers’ compensation judge, lay testimony is allowed to rebut the presumption only when a test is not done. Wrong. Of course, when a legal error interdicts the fact finding pro *705 cess, we may do a de novo review. Upon a de novo review, 113would reverse the judgment of the Office of Workers’ Compensation and award benefits, but would not award penalties and attorney fees.
For the foregoing reasons, I dissent.